```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EMILY HUNT, et al., | |
| Plaintiffs, | Civil Action |
| | No. 09-4921 (JBS-AMD) |
| v. | |
| GLOBAL INCENTIVE & MEETING MANAGEMENT, et al., | ORDER |
| Defendants. | |

    The Court convened an informal telephone conference with counsel on June 10, 2010 to address the issue of discovery regarding personal jurisdiction over Global Incentive & Meeting Management and Armando Roy Ortiz.  The Plaintiffs' specification of jurisdictional discovery which they desire to obtain was outlined in the letter of June 4, 2010 from Alan Schorr, Esq., counsel for plaintiffs.  Defendants' response was set forth in the letter of Joshua Grimes, Esq., dated June 9, 2010.  The Court considered these submissions as well as the remarks of counsel during the status conference and has decided, as explained in the conference, to grant in part and deny in part, the plaintiffs' requests for jurisdictional discovery.

    The Court will permit limited jurisdictional discovery, along the following lines, so long as it is concluded not later than July 11, 2010, on an expedited basis.  All counsel shall also endeavor to put into place an appropriate Confidentiality

Order for the exchange of this limited discovery and to submit the Confidentiality Order for the Court's signature.  Using the same categories of discovery listed in Mr. Schorr's letter of June 4, my determinations are as follows:

    1.    Deposition on Written Questions to Cobblestone Apartments, etc., is permitted.

    2.    Depositions on Written Questions to New Jersey state agencies, etc., is permitted except for information regarding filing of state income taxes, which is denied.

    3.    Requests for Production to Mr. Ortiz for copies of his utility and telephone bills and driving permits will be permitted, limited to his United States activities.  Discoverability of voter registration cards, passports, FM2 and FM3 work visas, and applications for those visas or renewals of those visas, and bank and credit card statements for the past four years, is denied.

    4.    Discovery of W-8 forms associated with the two tax identification numbers on Wachovia Bank accounts is permitted and shall be furnished while discovery of the remaining listed documents is denied at this time.

    5.    Requests for Production to Global Incentive and Meeting Management for its organizational documents, Mexican and U.S. tax returns (if any), bank and credit card statements, and all contracts directing payment of funds into the Pomona, New Jersey

bank accounts is permitted only to the extent that such documents reveal a New Jersey address or other New Jersey connection and is otherwise denied.  For any documents subject to production hereunder, defendants may delete any other financial information, so long as the context of the New Jersey address or other New Jersey connection remains clear.

    6.   An oral deposition of Lilia Jane Sloman is permitted, limited to her knowledge of Mr. Ortiz's and Ms. Sloman's and GIM's contacts or lack of contacts with New Jersey.  Counsel should consider convening this as a telephone deposition.

    7.   An oral deposition of Mr. Ortiz, limited to issues of Mr. Ortiz's and GIM's contacts with New Jersey or lack of contacts with New Jersey is permitted.  Counsel should consider convening this as a telephone deposition.

    8.   An oral deposition of Mr. Ortiz, limited to issues of Mr. Ortiz's and GIM's contacts with New Jersey, or lack of contacts with New Jersey, is permitted.  Counsel should consider convening this as a telephone deposition.

    9.   <u>Relevant Time Period</u> - With regard to the discovery sought in items 1-7, the relevant time period is confined to calendar years 2007, 2008, and 2009.

    With regard to the depositions ordered above, counsel should consider in-person depositions in Texas if feasible.

10. <u>Schedule of Supplemental Submissions</u> - Plaintiffs shall supplement their factual submissions regarding personal jurisdiction not later than July 23, 2010 and defendants shall respond not later than July 30, 2010.  Upon receipt of those submissions, the record will be closed upon the motion to dismiss for lack of personal jurisdiction and for *forum non conveniens.*

IT IS this     **11th**  day of **June, 2010, SO ORDERED.**

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge